37 F.3d 1502
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Duwayne McCURDY, Appellant,
v.
Charles CRANDALL, Warden, Appellee.
 No. 94-1857.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 4, 1994.
Filed: Oct. 20, 1994.
 
 Before MAGILL, LOKEN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Duwayne McCurdy, a federal inmate and an enrolled member of the Crow Indian Tribe, appeals from the district court's[1] order denying relief under 28 U.S.C. Sec. 2241. We affirm.
 
 
 2
 McCurdy was sentenced in the District of Montana to twenty-seven months imprisonment following his conviction for incest within Indian territory. He filed a habeas petition claiming that, pursuant to 18 U.S.C. Sec. 3585(b)[2] (the jail credit statute) and certain treaties, he was entitled to have fifteen months credited against his projected prison release date for periods during which he had been released on bond. The district court denied relief, reasoning that the periods of McCurdy's release on bond were not official detention within the meaning of the jail credit statute, that the treaties did not alter the interpretation of this statute, and that McCurdy was not entitled to continuous credit from the date he was first incarcerated in the federal facility because he was released a week later on the appeal bond he had requested. On appeal, McCurdy reiterates his arguments and alternatively argues that the statute under which he was convicted, 18 U.S.C. Sec. 1153, is unconstitutional and thus the trial court lacked subject matter jurisdiction.
 
 
 3
 This court reviews de novo the district court's legal conclusions in the denial of a habeas petition. Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992). We agree with the district court that McCurdy's sentence was stayed upon his release from the federal facility pending appeal. See Fed. R. Crim. P. 38(b). McCurdy is not entitled to sentence credit for the periods in which he was released on bond, even though his liberty may have been somewhat restricted, because the conditions of his release did not equal those of official detention. Cf. Moreland v. United States, 968 F.2d 655, 658-60 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 675 (1992) (time spent in halfway house as condition of bond prior to sentencing was not official detention). We find no merit whatever in petitioner's claim that the application to him of 18 U.S.C. Sec. 1153 is forbidden or affected by the treaties with the Crow nation.
 
 
 4
 McCurdy's alternative constitutional argument, raised for the first time in his reply brief, challenges the validity rather than the execution of his sentence. Such a claim is properly made to the sentencing court, see 28 U.S.C. Sec. 2255, and thus we will not consider it.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota
 
 
 [2]
 This statute delineates under what circumstances a defendant will be given sentence credit for time spent in "official detention" prior to the commencement of his sentence